MCGREGOR W. SCOTT
United States Attorney
ANGELA L. SCOTT
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  18-CR-00245-DAD |
| Plaintiff, | STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING PLEA HEARING; FINDINGS AND ORDER |
| v. | |
| JORGE LUIS ARELLANO-GARCIA, | DATE: July 14, 2020
TIME: 9:30 a.m.
COURT: Hon. Dale A. Drozd |
| Defendant. | |

## **BACKGROUND**

On November 8, 2018, defendant JORGE LUIS ARELLANO GARCIA (defendant) was indicted for violations of 21 U.S.C. § 846, 841(a)(1) (Conspiracy to Distribute and to Possess with the Intent to Distribute Fentanyl, Methamphetamine, and Cocaine); 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Methamphetamine); and 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Cocaine and Fentanyl).  On June 24, 2020, the parties entered into a plea agreement in which defendant agreed to plead to a superseding information alleging a violation of 21 U.S.C. § 846, 841(a)(1) (Conspiracy to Distribute and to Possess with the Intent to Distribute Methamphetamine).  Doc. 87.  The government filed the Superseding Information on July 6, 2020.  Doc. 89

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea hearings by video or telephonic conference when 1) such hearings

STIPULATION REGARDING PLEA HEARING         1

1  "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the
2  district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot
3  be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

4  On March 29, 2020, the Judicial Conference of the United States made the findings required by
5  the CARES Act, concluding that "emergency conditions due to the national emergency declared by the
6  President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to . . . [COVID-
7  19] have materially affected and will materially affect the functioning of the federal courts generally."

8  On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the
9  findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal
10 Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be
11 conducted in person without seriously jeopardizing public health and safety." Accordingly, the findings
12 of the Judicial Conference and General Order 614 establish that plea hearings cannot take safely take
13 place in person.

14 In order to authorize plea hearings by remote means, however, the CARES Act—as
15 implemented by General Order 614—also requires district courts in individual cases to "find, for
16 specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without
17 serious harm to the interests of justice." General Order 614 further requires that the defendant consent
18 to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless
19 "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by
20 teleconference.

21 The parties hereby stipulate and agree that each of the requirements of the CARES Act and
22 General Order 614 have been satisfied in this case. They request that the Court enter an order making
23 the specific findings required by the CARES Act and General Order 614. Specifically, for the reasons
24 further set forth below, the parties agree that:

25 1) The plea hearing in this case cannot be further delayed without serious harm to the
26 interest of justice, given the public health restrictions on physical contact and court closures existing in
27 the Eastern District of California, and the fact that this case is set for trial on August 25, 2020;

28 2) The defendant waives his physical presence at the hearing and consents to remote hearing

1  by Videoconference.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

4. These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

7. On April 16, 2020, the Judicial Counsel of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Counsel's declaration

analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters.

10. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

11. The plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

12. The defendant in this case consents to proceed with his plea hearing by Videoconference.

13. Moreover, this case is currently set for trial on August 25, 2020. Further delay would result in the waste of judicial resources as the parties prepare for a trial.

//
//
//

IT IS SO STIPULATED.

Dated:  July 10, 2020                            McGREGOR W. SCOTT
                                                 United States Attorney


                                                 /s/ ANGELA L. SCOTT
                                                 ANGELA L. SCOTT
                                                 Assistant United States Attorney


Dated:  July 10, 2020                            /s/ MARK A. BROUGHTON
                                                 per email authorization
                                                 MARK A. BROUGHTON
                                                 Counsel for Defendant
                                                 JORGE LUIS ARELLANO-
                                                 GARCIA

**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

   a) The plea hearing in this case cannot be further delayed without serious harm to the interest of justice;

The defendant has waived his physical presence at the hearing and consents to remote hearing by Videoconference;

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 614, the plea hearing in this case will be conducted by Videoconference.

IT IS SO ORDERED.

Dated:  **July 10, 2020**                        _____
                                                 UNITED STATES DISTRICT JUDGE