UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE LUIS ARELLANO-GARCIA,<br><br>Defendant. | No. 1:18-cr-00245-DAD<br><br>ORDER DENYING DEFENDANT ARELLANO-GARCIA'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)<br><br>(Doc. Nos. 149, 155) |

On February 7, 2024, defendant Jorge Luis Arellano-Garcia filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines. (Doc. No. 149.) On February 13, 2024, the motion was referred by minute order to the Office of the Federal Defender ("FDO") for possible assumption of representation. (Doc. No. 33.) On April 5, 2024, the government filed an opposition to that motion. (Doc. No. 151.)[1] On April 16, 2024, defendant filed a supplemental brief in support of his motion. (Doc. No. 155.)

Because defendant Arellano-Garcia is not eligible for the relief he seeks pursuant to § 3582(c)(2), the court will deny the pending motion to reduce his sentence.

/////

---

[1] On April 15, 2024, this case was reassigned to the undersigned. (Doc. No. 154.)

1

## BACKGROUND

On July 14, 2020, pursuant to a plea agreement, defendant entered a plea of guilty to a one-count Information charging him with conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. Nos. 87, 89, 92, 105 at 5.)

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 35 and his criminal history category as I (based on a finding of a criminal history score of 0), resulting in an advisory sentencing guidelines range calling for a term of imprisonment between 168 and 210 months. (Doc. No. 105 at 4, 10.) At the sentencing hearing on June 1, 2021, the court adopted those findings as true and correct. However, based upon the court's consideration of several relevant factors under 18 U.S.C. § 3553(a), as indicated in the Statement of Reasons, the court varied significantly downward from the advisory guideline range and sentenced defendant to a 120-month term of imprisonment. (Doc. Nos. 133, 134.) The court entered judgment on June 3, 2021. (Doc. No. 134.)

Defendant contends that he is eligible for a sentence reduction based on Part B of Amendment 821 and U.S.S.G. § 4C1.1(a). (Doc. Nos. 149 at 3, 155 at 3, 7.) That new provision reduced the advisory sentencing guideline range for those who had no criminal history points—so-called zero-point offenders—by two points and allowed for a reduction of their sentence if otherwise eligible for that relief.

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." *Keller*, 2 F.4th at 1281. One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

/////

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id*. (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id*. (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id*. (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

As noted above, defendant asserts that he is eligible for a reduction to his sentence based on Part B of Amendment 821. (Doc. No. 149 at 3.)[2] The government agrees that defendant is a zero-point offender but notes that the court determined his offense level to be 35 at the time of his sentencing. (Doc. No. 105 at 10, 18.) According to the government, a two-point reduction in defendant's offense level for being a zero-point offender would then result in an offense level of 33 and an advisory sentencing guideline range of between 135 and 168 months. (*Id.*) The government therefore contends that because defendant Arellano-Garcia was sentenced to a 120-

---

[2] Although defendant does not seek a reduction in his sentence pursuant to Part A of Amendment 821 (*see* Doc. Nos. 149 at 3, 155 at 3, 7), it is also clear that he is ineligible for relief under that provision as well. Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence. However, defendant's PSR does not reflect that he was under any criminal justice sentence when he committed the offenses for which he was sentenced by this court and he did not receive any status points. (Doc. No. 105 at 10.) Accordingly, defendant is also ineligible for an adjustment to his sentence under U.S.S.G. § 4A1.1(e).

month term of imprisonment, which was below the bottom of guideline range that results from the two-point offense level reduction for being a zero-point offender, he is not entitled to relief under U.S.S.G. § 1B1.10(b)(2)(A) and 18 U.S.C. § 3582(c)(2). (Doc. No. 151 at 4.)

The government's argument in this regard is entirely persuasive. As one district court recently explained under similar circumstances:

> [A] court cannot "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" that would have been applicable if a new guideline were effective at the time of sentencing. U.S.S.G. § 1B1.10(b)(2)(A). Assuming Defendant could receive a zero-point offender adjustment, the amended guideline range for imprisonment based on a total offense level of 27 and criminal history category of I would be 70–87 months. That range exceeds the 60-month sentence the Court imposed, so a further reduction is prohibited.

*United States v. Berkett*, No. 2:21-cr-00292-MCS-1, 2024 WL 1516317, at *2 (C.D. Cal. Apr. 8, 2024); *see also United States v. Pacheco*, No. 17-cr-00324-BLF-3, 2024 WL 2304574, at *2 (N.D. Cal. May 20, 2024) ("Defendant already received a sentence of 140 months, which is below the low end of the amended guideline range. In this circumstance, no relief is permissible under Part A.") (citing § 1B1.10(b)(2)(A) and *Dillon*, 560 U.S. at 827).

In his supplemental briefing, defendant contends that he was also safety valve eligible, presumably asserting that his offense level should have been lower than that calculated at the time of his sentencing, and therefore he should receive the requested reduction of his sentence despite the limitation on the relief available to him under Part B of Amendment 821. (Doc. No. 155 at 4–6.) Defendant's argument in this regard is unpersuasive. It is dispositive that defendant was not found to be safety valve eligible at the time of his sentencing. In July of 2020 the court adopted as true and correct the guideline calculation set forth in the PSR, which did not include a finding of safety valve eligibility. Moreover, at the time of his sentencing defendant did not object as to the lack of a safety valve eligibility finding, nor did he argue in support of such a finding. (See Doc. Nos. 127, 128.) Finally, defendant has not established that he was safety valve eligible at the time of his sentencing (*see* U.S.S.G. § 5C1.2(a)) and, in any event, waived his right to appeal or collaterally attack any part of his plea or the sentence imposed (Doc. No. 87 at 9).

/////

Because defendant is ineligible for a modification of his sentence based on Amendment 821, the court need not proceed to the second step of the § 3582(c)(2) analysis to consider again the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 826–27. The pending motion for a sentence reduction will therefore be denied.

## CONCLUSION

For the reasons explained above, the court denies defendant Arellano-Garcia's motion for a reduction of his sentence pursuant to § 3582(c)(2). (Doc. Nos. 149, 155.) The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated:  **September 23, 2024**  
　　　　　　　　　　　　　　　　　　　　　DALE A. DROZD  
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE